IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY CARTER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 23-1754 |
| | ) District Judge Marilyn J. Horan |
| v. | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| COMMONWEALTH OF PENNSYLVANIA | ) Re: ECF No. 10 |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

Pending before the Court is Plaintiff's Motion for Temporary Restraining Order ("TRO"). ECF No. 10. For the reasons below, it is respectfully recommended that the Motion be denied.

**II.  REPORT**

**A.  RELEVANT BACKGROUND**

Plaintiff Anthony Carter ("Plaintiff") is a prisoner currently incarcerated at the Westmoreland County Prison. He brings civil rights claims against Fayette County, Pennsylvania, Fayette County elected officials, the warden, seven John Doe Pennsylvania State Police troopers, and Uniontown Hospital WVU Medicine. ECF No. 8.[1] Plaintiff asserts that these Defendants subjected him to malicious prosecution, an illegal cavity search, unsanitary cell conditions, and poor medical treatment, resulting in violations of his Eighth and Fourteenth Amendment rights. Id. ¶¶ 1-17.

Plaintiff has filed the pending Motion for TRO. ECF No. 10. The Motion is one page in length and consists of just two sentences. Id. Plaintiff's Motion is unclear and lacking in supporting

---

[1] There are two pending Motions to Dismiss for failure to state a claim. ECF Nos. 28 and 34. As of this date, Plaintiff has not yet responded to either motion.

factual averments. Id. Plaintiff appears to be requesting that this Court enjoin Defendants from proceeding against him in some unidentified state court criminal matter and to have Plaintiff released from his current incarceration. Id.

**B.    DISCUSSION**

"[T]he grant of injunctive relief is an 'extraordinary remedy which should be granted only in limited circumstances.'" AT&T v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)). A party seeking a preliminary injunction must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Ball v. Beard, 396 F. App'x 826, 827 (3d Cir. 2010) (quoting Kos Pharm., Inc. v. Andrx Corp, 369 F.3d 700, 708 (3d Cir. 2004)). "In order to support a preliminary injunction, plaintiff must show both a likelihood of success on the merits and a probability of irreparable harm." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 90-91 (3d Cir. 1992). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). It is well-established that the requirements for a TRO are the same as those for a preliminary injunction. N. Am. Dental Mgt., LLC v. Phillips, No. 23-1202, 2023 WL 4551980, at *2 (W.D. Pa. July 14, 2023).

Additionally, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir.

1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)). "The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the 'operation of a correctional institution is at best an extraordinarily difficult undertaking.' Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Beard v. Banks, 126 S. Ct. 2572, 2578 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979)." Easley v. Wetzel, No. 21-63E, 2021 WL 1200214, at *4 (W.D. Pa. Feb. 26, 2021), report and recommendation adopted, 2021 WL 1197483 (W.D. Pa. Mar. 30, 2021); and see Brooks v. Samuel, No. 16-2386, 2018 WL 2287510, at *2 (M.D. Pa. May 18, 2018) ("The federal courts are not overseers of the day-to-day management of prisons.").

Based on this Court's review, it is recommended that the Motion for TRO be denied. Plaintiff has not met his burden under Ball, 396 F. App'x at 827. First, in presenting a single page two sentence Motion for TRO without any supporting factual averments or documentation, Plaintiff has not demonstrated a likelihood of success on the merits. Second, Plaintiff has not provided even the bare minimum of averments to establish that he will suffer irreparable harm by Defendants if his request for a TRO is denied.

Of particular significance to consideration of the Motion for TRO are two key facts. Plaintiff is no longer housed in the Fayette County Jail, and Plaintiff is not being prosecuted in Fayette County. See ECF Nos. 33, 33-1, and 33-2. Prisoners lack standing to seek injunctive relief if they are no longer subject to the alleged conditions they seek to challenge, including when they have been transferred to another institution. Weaver v. Wilcox, 650 F.2d 22, 27 n.13 (3d. Cir. 1981); see also Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from

3

the facility complained of generally moots the equitable and declaratory claims."). Because Plaintiff is no longer incarcerated at the Fayette County Prison, Plaintiff lacks standing to seek injunctive relief relating to these Defendants.

Finally, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Younger v. Harris, 401 U.S. 37 (1971); Moore v. DeYoung, 515 F.2d 437, 447-48 (3d Cir. 1975). Younger abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)). If the three Younger requirements are satisfied, abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised. Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be construed very narrowly and invoked only in "extraordinary circumstances." Id.; Moore, 515 F.2d at 448.

Assuming that Plaintiff has an active criminal prosecution, as he alleges in the Motion for TRO, abstention is appropriate. State court prosecutions have been found to implicate important state interests. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004) ("Younger has taught us that federal courts should not act to restrain a criminal prosecution where the appellant here, has an adequate remedy at law in state court and will not suffer irreparable injury if denied equitable relief."). Additionally, he has the opportunity to raise in his state criminal proceedings the alleged malicious prosecution. There are no exceptional

circumstances that exist that would require this Court to intervene in this case, and none of the Younger exceptions apply. Therefore, the Court should abstain from enjoining any pending state court prosecution.

**III.   CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Plaitniff's Motion for Temporary Restraining Order, ECF No. 10, be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: June  10 , 2024

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Marilyn J. Horan
      United States District Judge

      All counsel of record by Notice of Electronic Filing

      ANTHONY CARTER
      18412023
      WESTMORELAND COUNTY PRISON
      3000 S. Grande Blvd.
      Greensburg, PA 15601