FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY CARTER, | ) |
| Plaintiff, | ) Civil Action No. 23-1754 |
| | ) District Judge Marilyn J. Horan |
| v. | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| COMMONWEALTH OF PENNSYLVANIA | ) Re: ECF Nos. 28 and 34 |
| *et al.*, | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Pending before the Court are two Motions to Dismiss filed by Defendant Uniontown Hospital, ECF No. 28, and Defendants Fayette County, District Attorney Rich Bowers, and Warden John Lenkey[1] ("County Defendants"), ECF No. 34, requesting that the Complaint, ECF No. 8, filed by Plaintiff Anthony Carter ("Carter") be dismissed with prejudice.

For the reasons that follow, it is respectfully recommended that the Motions to Dismiss be granted. It is also recommended that the remaining claims against the Fayette County Executive be dismissed *sua sponte* as failing to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    REPORT**

   **A.    FACTUAL BACKGROUND**

Carter alleges that on or about January 27, 2021, he entered a friend's house after having surgery and sat in the living room on the couch. ECF No. 8 ¶ 1. Pennsylvania State Troopers then

---

[1] Carter misspells the name of Warden John Lenkey in the Complaint. The Court will use the correct spelling for purposes of this Report and Recommendation.

knocked on the door with a "body warrant." Id. Trooper Doe #1[2] entered the house, pointed a gun at Carter, and ordered Carter to lay on the floor. Id. ¶ 2. While Carter was in the process of complying with the order, he dropped his food stamp card. Id. Once on the ground, Trooper Doe #1 handcuffed Carter and patted him down. Id. In the process, Trooper Doe #1 opened Carter's shorts and felt under his testicles and between his buttocks cheeks. Id.

Carter informed Trooper Doe #1 that he was in pain from laying on the ground due to his recent surgery. Id. ¶ 3. Simultaneously, Trooper Does #2 - #6 began to search the room. They found Carter's food stamp card and a bag with "something" inside under the couch cushions where he was sitting. Id. ¶¶ 2, 3. Defendant Troopers then confiscated these items, as well as $300 in cash, Carter's phone, and "someone else's phone." Id. ¶ 3. Defendant Troopers called for an ambulance for Carter. Id. ¶ 5.

Once at Uniontown Hospital,[3] an unidentified individual told Carter that "[he] could do what they wanted and make it easy and hurt as less as possible or [he could] make it harder for them and [himself] and they'll make [him] hurt as much as possible." (sic). Id. ¶ 6. Carter was scared and told "them" he would comply. Id. When Jane Doe[4] entered the room, Trooper Doe #7 told her, "We just need you to do a cavity search and say that he's good enough to go to jail." Id. Carter responded, "I don't care what he says you aren't don't any type of cavity search to me." (sic). Id. Jane Doe put on gloves and stated, "Come on Mr. Carter it'll be quick and painless." (sic). Id. Carter again refused. Id.

---

[2] In the Complaint, Carter names seven State Trooper John Does. ECF No. 8 at 1. The State Trooper John Does will be referred to as "Trooper Doe # __."

[3] Carter identifies this Defendant as "Uniontown Hospital WVU Medicine," ECF No. 8 at 1, but the correct name is "Uniontown Hospital," ECF No. 28 at 1.

[4] Jane Doe appears to be a medical professional at Uniontown Hospital.

Trooper Doe #7 then held Carter down, while Jane Doe gave him an anal exam, as Carter continued to protest. Id. ¶ 7. Afterward, Jane Doe said, "Nope all clear he has nothing hidden in there and he can go to jail now." (sic). Id.

Once Carter arrived at the Fayette County Prison ("FCP"), a guard informed Carter that he "should be getting released soon due to [his] health conditions, [his] open wound and Governor Wolf's bill." Id. ¶ 10. Carter was ultimately housed in a medical cell. Id. The medical cell was dirty without running water. Id. ¶ 11. Carter was forced to sleep on a bare mattress in the cold, because a window was open in the middle of winter. Id. Carter informed a corrections officer about the poor conditions, but the corrections officer said, "he doesn't care not his problem." (sic). Id. Carter was in the cell for almost two weeks until he was moved to another medical cell where the sink did not work. Id.

Throughout his time at FCP, Carter was denied access to the law library. Id. ¶ 13. He was informed he would need a tablet to use the law library. Id. ¶ 12. When Carter requested a tablet, he was told that tablets were not permitted in the Medical Housing Unit. Id. On two separate occasions, Carter was not permitted to shower for two weeks at a time. Id. ¶ 13. He was denied access to clean space and surroundings. Id.[5]

One day when a nurse was changing Carter's surgical dressings, the nurse noticed his leg was abnormally large and hot to the touch. Id. ¶ 14. He was sent to Uniontown Hospital. Id. The hospital was inattentive and did not attempt to diagnose his issue. Id. They returned him to FCP. Id.

---

[5] Carter also avers that his sink and heater were not working and that he was locked in his cell "24/7 for a week" on two separate occasions. Id. at 36. He does not specify in which cell this occurred. Id.

On March 8, 2021, Carter visited his orthopedic surgeon and was diagnosed with a possible infection that could lead to amputation. Id. ¶ 15. When he returned to FCP, Carter alleges that was released almost immediately. Id. The criminal docket in Commonwealth of Pennsylvania v. Carter, CP-26-CR-0001130-2021, indicates that Carter was released from FCP when bail was posted on March 10, 2021.[6] ECF No. 35-1 at 8.

Carter also alleges in the Complaint that after he was released from FCP, Carter discovered he had two "staph infections," one on his skin and one on his bone. ECF No. 8 ¶ 14. Prior to his incarceration, he did not have the staph infections. Id. Carter asserts that because of his treatment at FCP, he has sustained injuries: "2 staph infections [and] multiple extra surgeries I wouldn't need if I never got the staph infections." Id. at 28. He also alleges that he was traumatized because of the multiple surgeries. Id. In the Complaint, Carter avers that his injuries are a "continuing wrong to due to still having 1 of the 2 staph infections that I caught due to their wrong of incarcerating me . . . . my statute of limitations is actual tolling until I get the metal out of my leg or until I know for sure they can't take the metal out of my leg." (sic). Id. ¶ 15.

B.     PROCEDURAL HISTORY

Carter filed a Motion for Leave to Proceed *in Forma Pauperis*, with an attached Complaint on October 11, 2023. ECF No. 1. The Complaint was filed on February 7, 2024. ECF No. 8.

Based on the above-noted alleged facts, Carter asserts claims that his First, Fourth, Eighth, and Fourteenth Amendment rights were violated by "[e]ach defendant" as a result "cruel and unusual punishment, medical negligence, medical malpractice, deliberate indifference to my medical needs, [denial of the use of the law library,] and selective and malicious prosecution." ECF No. 8 at 20, 24. Carter asserts that Trooper Does #1 - #7 and District Attorney Rich Bowers

---

[6] The Court may take judicial notice of the docket of a criminal matter. Orabi v. Att'y Gen. of the U.S., 738 F.3d 535, 537 (3d. Cir. 2014).

4

"are responsible for the selective and malicious prosecution of me . . . " Id. ¶ 9. He also sues the Commonwealth of Pennsylvania, Fayette County, Fayette County Executive, and Warden John Lenkey. The Court construes Carter's cruel and unusual punishment and denial of the use of the law library as asserted against the Commonwealth of Pennsylvania, Fayette County, the Fayette County Executive, and Warden Lenkey. Carter also does not specify his claims as to Uniontown Hospital. The Court construes Carter's sexual assault, deliberate indifference, and medical negligence claims as asserted against Uniontown Hospital. Carter alleges Jane Doe committed a sexual assault. Id. at 24.

Carter seeks compensatory, punitive, and nominal damages, as well as court costs. Id. ¶ 17. He also seeks an injunction barring FCP from accepting "potential prisoners with serious open wounds." Id.

Defendant Uniontown Hospital filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and brief in support on April 4, 2024. ECF Nos. 28, 29. The County Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and brief in support on May 29, 2024. ECF Nos. 34, 35.

Carter filed an "Omnibus Response in Opposition to Defendants' Motion to Dismiss" on July 5, 2024. ECF No. 40.

The County Defendants filed a Reply Brief in Support of Motion to Dismiss on July 16, 2024. ECF No. 42.

The Motions to Dismiss are ripe for consideration.

## C. STANDARD OF REVIEW

### 1. Motion to Dismiss

A complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted." "[D]etailed pleading is not generally required." Connelly v. Lane Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016). Rather, the rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face" by providing facts which "permit the court to infer more than the mere possibility of misconduct . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

In assessing the sufficiency of a complaint, the court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555. Thus, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not

suffice. The complaint therefore "must allege facts suggestive of [the proscribed] conduct" that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s of his claim]."). Id. at 233-34.

### 2. *Pro Se* Pleadings and Filings

In the instant case, Carter is proceeding *pro se*. *Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); U.S. ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner . . . may be inartfully drawn and should . . . be read 'with a measure of tolerance'"); Freeman v. Dep't. of Corr., 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (overruled on other grounds); see also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

Even so, there are limits to the court's procedural flexibility – "*pro se* litigants still must allege sufficient facts in their complaints to support a claim . . . . [T]hey cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Accordingly, because Carter is a *pro se* litigant, the Court will consider the facts and make inferences where it is appropriate.

7

D.      **DISCUSSION**

    1.      **Malicious Prosecution Claim**

In the Complaint, Carter alleges that District Attorney Bowers should not have prosecuted him, given "Governor Wolf passing the bill or a temporary bill where he wasn't incarcerating anyone unless it was for violent crimes due to covid restrictions . . . ." (sic). ECF No. 8 ¶ 4. Carter avers he did not "have any violent crimes at the time and I had 3 warrants for only drug offenses and probation violation. But just weeks previously due to my health none of the 3 counties that I was wanted in wanted me due to my medical issues . . . ." (sic). Id.

In his Motion to Dismiss supporting brief, District Attorney Bowers argues that the malicious prosecution claim should be dismissed, because, among other reasons, Carter's underlying criminal proceeding did not resolve in his favor, as he pleaded guilty to all charges brought against him. ECF No. 35 at 6. Bowers attached the criminal docket of the relevant criminal matter of <u>Commonwealth of Pennsylvania v. Carter</u>, CP-26-CR-0001130-2021 as Exhibit A to his brief in support. ECF No. 35-1. The Court may take judicial notice of the dockets of a criminal matter. <u>Orabi</u>, 738 F.3d at 537.

In his Response Brief, Carter argues that he has not yet pleaded guilty to the relevant charges. ECF No. 40 at 2. He also avers that "[d]ue to covid restrictions Plaintiff should've been let go once he was arraigned." (sic). Id.

In his Reply Brief, District Attorney Bowers again argues that there is no pending case against Carter in Fayette County and that Carter had pleaded guilty to the charges brought against him. ECF No. 42 at 1-2.

To prevail on a Fourth Amendment malicious prosecution action under Section 1983, a plaintiff must show that:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Gagliardi v. Fisher, 513 F. Supp. 2d 457, 480-81 (W.D. Pa. 2007) (citing DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005)).

At issue in the instant case is the second requisite element of a malicious prosecution claim: whether the Fayette County criminal proceedings ended in Carter's favor. The purpose of the favorable termination requirement is to avoid "the possibility of the claimant (sic) succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." Heck v. Humphrey, 512 U.S. 477, 484 (1994) (alteration in original) (internal quotation marks omitted). Favorable termination means "that the criminal prosecution ended without a conviction." Thompson v. Clark, 596 U.S. 36, 49 (2022).

The criminal docket in Commonwealth of Pennsylvania v. Carter, CP-26-CR-0001130-2021, clearly indicates that, despite Carter's arguments to the contrary, he pleaded guilty to all eight charges brought against him in Fayette County on November 8, 2022.[7] ECF No. 35-1 at 7, 14; ECF No. 42-2 at 6, 13.

"A guilty plea negates a false arrest or malicious prosecution claim on several scores. [It] is a sworn admission that he has committed the acts charged against him. This sworn admission of guilt, in turn, is fatal to any malicious prosecution." Williams v. McCleaf, 19-85, 2020 WL 3272271, at *7 (M.D. Pa. May 6, 2020), report and recommendation adopted, 2020 WL 3265464 (M.D. Pa. June 17, 2020). See also Cromwell v. Fichter, No. 22-3169, 2023 WL 3734969, at *1

---

[7] The criminal docket indicates that bail was set for Carter on January 29, 2021 and that bail was posted on March 10, 2021. ECF No. 31-1 at 7.

(3d Cir. May 31, 2023) (affirming dismissal of a malicious prosecution claim where the underlying criminal proceeding resolved in a guilty plea); Andresen v. Jackson, No. 22-2934, 2023 WL 2137856, at *1 (3d Cir. Feb. 21, 2023) (holding that a *nolo contendere* plea was not a favorable termination for purposes of a malicious prosecution claim, "because it would necessarily imply the invalidity of [plaintiff's] conviction").

Accordingly, given the fact that Carter entered a guilty plea to every relevant charge brought against him in Fayette County, the underlying criminal proceeding did not resolve in his favor. As such, Carter cannot state a claim for malicious prosecution.

Even if the Court were to accept Carter's unsupported assertion that he did not plead guilty, the allegation that his criminal matter is still ongoing is also fatal to his claim. Carter must show that the criminal proceedings resolved in his favor. If, as he alleges, the criminal proceedings are still ongoing, they have not resolved in his favor. "[A] defendant in an ongoing criminal prosecution cannot bring a malicious prosecution claim." Smith v. Holtz, 87 F.3d 108, 113 n.4 (3d Cir. 1996) abrogated on other grounds by Wallace v. Kato, 549 U.S. 384 (2007). See also Randolph-Ali v. Steelton Police Dep't, No. 16-1625, 2016 WL 11270010, at *9 (M.D. Pa. Nov. 3, 2016), report and recommendation adopted, 2017 WL 192157 (M.D. Pa. Jan. 18, 2017).

Therefore, Carter's Fourth Amendment malicious prosecution claim against District Attorney Bowers fails as a matter of law and should be dismissed with prejudice.

### 2.  Statute of Limitations

Carter avers in the Complaint that he was arrested on or about January 27, 2021. ECF No. 8 ¶ 1. The relevant criminal docket indicates Carter was released from FCP on March 10, 2021.[8]

---

[8] The Complaint alleges that Carter was released from FCP on March 8, 2024. ECF No. 8 ¶ 15. The criminal docket indicates that bail was set for Carter on January 29, 2021 and that bail was posted on March 10, 2021. ECF No. 31-1 at 7. The Court will use the latest date for the purposes of its statute of limitations analysis.

10

Commonwealth of Pennsylvania v. Carter, CP-26-CR-0001130-2021. Carter initiated the instant case on October 10, 2023. ECF No. 1. He preemptively argued in the Complaint that his claims were not time-barred, because his injuries are a "continuing wrong to due to still having 1 of the 2 staph infections that I caught due to their wrong of incarcerating me . . . . my statute of limitations actual tolling until I get the metal out of my leg or until I know for sure they can't take the metal out of my leg." (sic). Id. ¶ 15.

Both Uniontown Hospital and the County Defendants argue that Carter's claims against them are time barred by the two-year statute of limitations. ECF No. 29 at 5; ECF No. 35 at 8. They aver that any claim that accrued before October 2021 – which constitutes all the claims alleged in the Complaint, except for the malicious prosecution allegation – are time barred. Id.

In his Response Brief, Carter tries to overcome the statute of limitations defense by arguing that as long as the infection and metal are still present in his leg, his cause of action has not yet fully accrued. ECF No. 40 at 1, 3. He avers in that he learned in December 2023 that his infection could not be eliminated until the metal rod that was put in his leg before his incarceration was removed. Id. at 1. Carter did not respond to the statute of limitations arguments about his arrest or conditions of confinement. Id.

Statute of limitations is an affirmative defense. Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017) (citing Fed. R. Civ. P. 8(c)(1)). In the Third Circuit, a statute of limitations defense may be raised by a motion under Rule 12(b)(6) (like both of the instant Motions to Dismiss) "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002)) (internal quotations omitted). See also Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975) ("[A] Rule 12(b)

motion can be utilized when the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."). "However, '[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).'" Id. (quoting Robinson, 313 F.3d at 134-35.).

Upon careful review, the Court finds that the claims arising out of the alleged conduct during Carter's arrest and subsequent incarceration are clearly time-barred. The face of the Complaint makes clear that Carter knew of his claim while he was incarcerated. His orthopedic surgeon diagnosed him on March 8, 2021. ECF No. 8 ¶ 15. Thus, reading the facts in the light most favorable to Carter, his claim accrued on his last day of incarceration – March 10, 2021. Because this suit was initiated more than two years after March 10, 2021, Carter's case is untimely, and his claims are barred by the statute of limitations. Williams v. Prison Health Sys., 470 F. App'x 59 (3d Cir. 2012) (affirming the granting of a motion to dismiss where the underlying claims were barred by the statute of limitations); Jackson v. SCI-Camp Hill, No. 11-135, 2012 WL 3990888, at *3 (M.D. Pa. Sept. 11, 2012), aff'd, 530 F. App'x 150 (3d Cir. 2013) (granting a motion to dismiss on the grounds that the claim was time-barred).

Carter misapplies the relevant standard with his argument that his cause of action will not accrue until his infection is resolved. "It is unquestionably the traditional rule that absent other indication, a statute of limitations begins to run at the time the plaintiff has the right to apply to the court for relief." Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys., 144 S. Ct. 2440, 2451 (2024) (internal citations omitted). Pennsylvania's discovery rule tolls the statute of limitations when "the plaintiff knows, or reasonably should know, (1) that [the plaintiff] has been injured, and (2) that [his or her] injury has been caused by another party's conduct." Bonus v. Beloff, 950 F.2d 919, 924 (3d Cir. 1991). "A plaintiff's ignorance regarding the full extent of his injury is irrelevant

to the discovery rule's application, so long as the plaintiff discovers or should have discovered that he was injured." Stephens v. Clash, 796 F.3d 281, 288 (3d Cir. 2015). Carter had the right to apply to the court for relief when he allegedly discovered his injury was infected.

Accordingly, Carter's claims against Uniontown Hospital and the County Defendants should be dismissed with prejudice, as barred by the applicable statute of limitations.

   **3. Dismissal of Claims as to the Fayette County Executive Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)**

For actions filed by plaintiffs proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) provides that "the court shall dismiss the case **at any time** if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." (emphasis added). A court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law. Stackhouse v. Crocker, 266 F. App'x 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

The standard for reviewing a complaint under Section 1915(e)(2)(B) is the same as that for reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at *6 (W.D. Pa. Feb. 26, 2009). Under Rule 12(b)(6), dismissal is appropriate if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The Court detailed this standard in Section II.C.1.

As of the date of the filing of this Report and Recommendation, no appearance has been entered on behalf of Defendant Fayette County Executive. It appears that a person in the Fayette County offices signed for the certified mail addressed to the Fayette County Executive and technically accepted service of the Complaint on February 29, 2024. ECF No. 30 at 8. Despite the acceptance of service of the Complaint on behalf of the Fayette County Executive, that office does

13

not exist. Pursuant to "Counties divided into nine classes," 16 Pa. Code § 310, Fayette County is a Fourth Class County, "having a population of at least 145,000 but less than 210,000 inhabitants." *County Classes*, THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA, https://www.pacourts.us/news-and-statistics/research-and-statistics/dashboard-table-of-contents/resources/WebHelp/General_Information/County_Classes.htm (last visited September 4, 2024). Fourth Class Counties have three elected county commissioners, not a county executive. "Counties of the Second Class A Through Eighth Class, County Officers, Elected Officers," 16 Pa. Code § 12301.

For the reasons discussed in Section II.D.2, Carter's claims against each Defendant in this action are time-barred by the two-year statute of limitations, including the Fayette County Executive (even though this position is nonexistent). Any claim Carter could bring against it as a result of the conduct alleged in the Complaint is barred as a matter of law.

Given the Court's ongoing obligation to dismiss an *in forma pauperis* complaint that fails to state a claim on which relief may be granted, and upon careful review of the instant Complaint, it is recommended that the Court dismiss the claims against the Fayette County Executive with prejudice.

4. **Remaining Defendant**

As to the Defendant Commonwealth of Pennsylvania, it filed a Motion to Dismiss and brief in support on September 4, 2024. ECF Nos. 43, 44. Plaintiff was ordered to respond on or before October 7, 2024. ECF No. 45. This Motion is not yet ripe for the Court's consideration.

5. **Amendment**

A court need not provide leave to amend a complaint where amendment would be futile, meaning that the complaint as amended would fail to state a claim upon which relief could be granted. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

14

Based on the Court's findings as set forth above, Carter should not be granted leave to amend his complaint, as no additional facts could support his claims, and the claims fail as a matter of law, rendering the claims frivolous and any amendment futile.

## 6. Conclusion

For the reasons set forth herein, it is respectfully recommended that Motions to Dismiss filed by Defendant Uniontown Hospital, ECF No. 28, and Defendants Fayette County, District Attorney Rich Bowers, and Warden John Lenkey, ECF No. 34, be granted. It is also recommended that the remaining claims against the Fayette County Executive be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Carter's claims against these Defendants should be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: October 1, 2024

Respectfully submitted,

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Marilyn J. Horan
United States District Judge

ANTHONY CARTER
18412023
WESTMORELAND COUNTY PRISON
3000 S. Grande Blvd.
Greensburg, PA 15601

All counsel of record via CM/ECF.